04 OCT -7 AM 10: 43

CLERK - LAS CRUCES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                          NO. CR 2:04-1143-001 RB

DAVID HUMBERTO MORALES-MARQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on the Government's objections to the presentence report ("PSR") issued in this case. The Government requests that this Court 1) sustain their objections to the PSR; 2) hold that Defendant's ("Mr. Morales") prior state conviction constituted a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(B); and 3) hold that Mr. Morales' base offense level should be increased by twelve levels pursuant to § 2L1.2(b)(1)(B). (United States' Objections to Presentence Report, at 5.) This Court, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds 1) that Mr. Morales' prior conviction falls within the meaning of U.S.S.G. § 2L1.2(b)(1)(C); and 2) that Mr. Morales' base offense level should increase by eight levels, as the PSR recommends. This Court, therefore, **OVERRULES** the Government's objections to the PSR.

**I. Background.**

In 1998, a Texas state court in El Paso convicted Mr. Morales of possession of "50 pounds or less but more than 5 pounds" of marijuana in violation of TEX. HEALTH & SAFETY CODE ANN. § 481.121 (a)(4) (Vernon 2004). On March 26, 2004, the Government charged Mr. Morales with



illegal reentry of an alien with a prior aggravated felony in violation of 8 U.S.C. § 1326(a)(1),(2) and § 1326 (b)(2).   (United States' Objections to Presentence Report ¶ 1.)  On May 18, 2004, Mr. Morales entered into a "fast track" Federal Rules of Criminal Procedure Rule 11(c)(1)(c) plea agreement and stipulated to an offense level of fifteen under the Sentencing Guidelines.  (United States' Objections to Presentence Report ¶¶ 3.)  The Government offered Mr. Morales this plea based on the following calculation:  The Government would enhance Mr. Morales' base level offense of eight upwards by twelve levels due to his prior conviction for a *drug trafficking offense* under U.S.S.G. § 2L1.2(b)(1)(B); the Government would allow a three level deduction due to Mr. Morales' acceptance of responsibility for the offense of conviction; the Government would then depart downward to an offense level of fifteen. *Id.*

In the PSR, however, the Probation Office recommended a base offense level enhancement of only eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because Mr. Morales' prior conviction was for mere *possession*, which did not constitute a *drug trafficking offense* under the Sentencing Guidelines. With only an eight level enhancement, from a base offense level of eight, Mr. Morales would be at a sixteen offense level. Following a three level deduction for accepting responsibility for the offense of conviction, Mr. Morales would be at an offense level of thirteen under the Guidelines.

Mr. Morales concedes that his prior conviction constitutes an "aggravated felony" under 8 U.S.C. § 1101(43), but denies his prior conviction amounts to a conviction for possession with *intent to distribute* because of the large quantity of drugs at issue.  The Government, on the other hand, argues that the Texas statutes as well as federal case law allow this Court to classify Mr. Morales' prior conviction as one for possession *with intent to distribute*, rather than for mere possession. This classification would mean the prior conviction constitutes a "drug trafficking offense" as defined by § 2L1.2(b)(1)(B) of the Sentencing Guidelines, which would require an enhancement of twelve.

2

**II. Analysis.**

*1. Whether, based on his prior conviction in Texas state court, "Mr. Morales" should receive a twelve level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) or an eight level enhancement under U.S.S.G. § 2L1.2(b)(1)(C)?*

The Texas state court could have convicted Mr. Morales for either *possession* of or *delivery* of marijuana. § 481.120 states that "a person commits an offense if the person *knowingly or intentionally delivers*" marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.120 (a)(4) (emphasis added). § 481.120 (a)(4) provides that the crime for delivery of marijuana is "a felony of *the second degree* if the amount of marihuana delivered is 50 pounds or less but more than five pounds . . . ." *Id.* (emphasis added). § 481.121, on the other hand, states that "a person commits an offense if the person *knowingly or intentionally possesses a usable quantity*" of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (a)(4) (emphasis added). Moreover, § 481.121(a)(4) punishes possession as a "*felony of the third degree* if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds . . . ." *Id.* (emphasis added). The Government argues that the "Texas statutes confirm the conclusion that patently large quantities of marijuana should, for purposes of the federal Sentencing Guidelines, be classified as 'intended for distribution.'" (United States' Objections to Presentence Report ¶ 8.)

This argument contradicts the plain meaning of the Texas statutes. § 481.120 punishes "delivery," or distribution, of the quantity for which Mr. Morales was convicted, as a second degree felony. The Texas court did not convict Mr. Morales under this statute. Instead, the court convicted him under § 481.121(a)(4), the possession statute, which punishes the quantity Mr. Morales possessed as a third degree felony and carries a lighter sentence than possession of the same quantity with the intent to deliver, or distribute. In fact, § 481.121(a) punishes those who possess "a usable

3

quantity of marihuana." § 481.121(a) punishes mere possession of, rather than possession with an intent to distribute, between 5 and 50 pounds of marijuana.

In addition, the Government points to § 481.121(a)(6) as evidence that the Texas statute under which Mr. Morales was convicted punished distribution, rather than mere possession. The only information this part of the statute reveals is the harsh punishment, "life or for a term of not more than 99 years or less than 5 years" if a person is convicted of possession of more than 2,000 pounds. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (a)(6). This part of the statute does not apply to Mr. Morales' case. The state court did not convict him of possessing that large of a quantity of marijuana, and again, this statute punishes possession, not possession with intent to distribute.

Lastly, the Government argues that federal case law entitles a fact finder to infer based on the quantity possessed that the drugs were intended for distribution under 21 U.S.C. § 841(a)(1). In all of the Government's cases, however, the defendants prior convictions were explicitly for possession *with intent to distribute*, not for mere possession. *See United States v. Moralez*, 964 F.2d 677 (10th Cir. 1992) (noting prior conviction for possession with intent to distribute marijuana); *United States v. Anderson*, 468 F.2d 1280 (10th Cir. 1972) (finding prior conviction for possession of marijuana with intent to distribute); *United States v. Henry*, 468 F.2d 892 (10th Cir. 1972) (stating defendant's prior conviction for possession of narcotics with intent to distribute); *United States v. Williams-Hendricks*, 805 F.2d 496 (5th Cir. 1986) (noting prior conviction for possession of marijuana with intent to distribute and importing marijuana). Because the state court previously convicted Mr. Morales of only possession, these cases are distinguishable.

In *United States v. Castro-Rocha*, 323 F.3d 846, 849-50 (10th Cir. 2003), the Tenth Circuit held that: "It is absolutely clear . . . that under the interpretation of the term 'aggravated felony' . . . [a defendant] would be subject to the eight-level increase set out in the new version of §

4

2L1.2(b)(1)(C)." *Castro-Rocha* involved a defendant who pleaded guilty to illegal reentry with an aggravated felony. *Id.* at 847. A Texas state court previously convicted the defendant of felony possession of a controlled substance. *Id.* at 848. The court reasoned that the term "aggravated felony" has the meaning given it under 8 U.S.C. § 1101(a)(43), which defines an "aggravated felony" as a "drug trafficking crime" as defined in 18 U.S.C. § 924(c). *Id.* at 851. A prior conviction for possession of marijuana, therefore, constitutes an aggravated felony within the meaning of § 2L1.2(b)(1)(C). *Id.* Mr. Morales concedes this much.

The Tenth Circuit went on to hold, however, that a prior conviction for possession does *not* fit within the definition of a "drug trafficking offense" under § 2L1.2(b)(1)(B), which calls for an offense level increase of twelve. *Id., see also United States v. Caicedo-Cuero*, 312 F.3d 697, 707 (5th Cir. 2002) (noting that § 2L1.2(b)(1)(B) defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture . . . distribution, or dispensing of a controlled substance . . .," which excludes mere possession). The court concluded its analysis by stating that:  "The decision to carry forward the term 'aggravated felony,' while retaining the provision . . . defining that key term by reference to 8 U.S.C. § 1101(a)(43), makes clear the Sentencing Commission intended that state felony convictions for simple possession qualify for the eight-level enhancement set out in § 2L1.2(b)(1)(C)." *Castro-Rocha*, 323 F.3d at 851. Mr. Morales' base offense level, therefore, should be increased by a level of eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C), rather than by a level of twelve under § 2L1.2(b)(1)(B), as the Government assumed in offering its plea agreement to Mr. Morales.

5

Because § 2L1.2(b)(1)(C) of the Sentencing Guidelines defines Mr. Morales' prior conviction as an

"aggravated felony," his base level offense should be enhanced by a level of eight.

**IT IS HEREBY ORDERED** that the Government's objections to the presentence report are

**OVERRULED.**

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE